[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 15, 2010
JOHN LEY
CLERK

No. 10-10998
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cr-00289-CLS-PWG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CANDRIA TACOMA LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 15, 2010)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Candria Lewis appeals her 36-month sentence, imposed for violating the conditions of her supervised release. Lewis does not challenge the revocation of her supervised release but argues that the district court abused its discretion when sentencing her to the statutory maximum of thirty-six months' imprisonment when her guideline range was three to nine months. She argues that the explanation provided by the district court for the deviation from the applicable guideline range was insufficient in light of the record and the 18 U.S.C. § 3553(a) factors, although she concedes the district court did properly calculate the guideline range. Lewis also contends that the district court did not properly consider the § 3553(a) factors, and the upward variance was not necessary.

We review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Whether the sentence is reasonable is determined under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007). A sentence may be procedurally unreasonable if the sentencing court fails to calculate the advisory guideline range accurately, treats the sentencing guidelines as mandatory, bases the sentence on clearly erroneous facts, fails to consider the sentencing factors, or fails to explain the chosen sentence adequately. *Id.* at 51. When revoking a defendant's term of supervised release, 18 U.S.C. § 3583(e) instructs

2

courts to consider certain § 3553(a) sentencing factors to determine an appropriate sentence.[1]  Once we have determined that the sentence is procedurally reasonable, we will consider the substantive reasonableness of the sentence under the totality of the circumstances.  *Id.* at 46.  The analysis includes "examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question."  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Lewis first argues that her sentence is procedurally unreasonable because the district court did not adequately explain its reason for deviating upward from the guidelines range.  We review the district court's decision to exceed the advisory sentencing range in Chapter 7 of the sentencing guidelines for an abuse of discretion.  *United States v. Silva*, 443 F.3d 795, 798 (11th Cir. 2006).  The policy statements of Chapter 7 are merely advisory and not binding, and while the district court is required to consider the policy statements, it is not bound by them.  *Id.* at 799.  When exceeding the recommended range, the court must indicate that

---

[1] Specifically, courts are directed to consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need for the sentence imposed to (a) "afford adequate deterrence to criminal conduct," (b) "protect the public from further crimes of the defendant," and (c) provide the defendant with training, medical care, or other correctional treatment; (3) applicable guidelines or policy statements issued by the Sentencing Commission; (4) the need to avoid unwarranted sentence disparities; and (5) the need to provide restitution to victims.  *See* 18 U.S.C. §§ 3583(e) and 3553(a)(1), (a)(2)(B)-(D), & (a)(4)-(7).

it considered the Chapter 7 policy statements. *Id*. Here, it is clear from the record that the district court was aware of and considered the Chapter 7 policy statements. Lewis has not shown that the court committed any error in its consideration of the § 3553(a) factors, and Lewis concedes that the district court did not improperly calculate the advisory guideline range. Consequently, we conclude that her sentence is procedurally reasonable.

We also affirm her sentence as substantively reasonable. Lewis argues that the 36-months' statutory maximum sentence was excessive and that the district court's review of the § 3553(a) factors did not justify this sentence. The district court's comments, however, demonstrate its rationale for Lewis's longer sentence to be based significantly on the goal of rehabilitation as reflected in its recommendation for her placement in a 500-hour drug treatment and therapy program and also that she be considered for vocational training.[2] This circuit has previously held that a district court's consideration of "the availability of drug treatment in imposing a sentence exceeding that recommended by chapter seven of the Guidelines" was not an abuse of discretion even where the court imposed the

---

[2] The court also considered the availability of medical treatment for Lewis's high-risk pregnancy when imposing the statutory maximum 36-month sentence, although we do not see how a 36-month sentence accomplished that goal any more than would the nine-month sentence she requested where she was already five months pregnant at the time of sentencing.

statutory maximum sentence. *United States v. Wiggins,* 220 F.3d 1248, 1249 (11th Cir. 2000).

     **AFFIRMED.**